**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CHRISTOPHER ALEXANDER SHY,**

    **Plaintiff,**

    v.                                 **Civil Action No. 1:18-cv-153
(Judge Kleeh)**

**TAMERA KESSEL, Nurse Practioner;
RHONDA SKIDMORE, R.N.;
JENNIFER BENNEFTT, Medical
Assistant; CHRISTINA STILLWELL,
M.A.,**

    **Defendants.**

---

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60] AND
GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 32]**

On August 9, 2018, the *pro se* Plaintiff, Christopher Alexander Shy ("Shy"), an inmate who was then incarcerated at the Eastern Regional Jail[1] ("ERJ") in Martinsburg, West Virginia, filed a civil rights Complaint, originally against Prime Care Medical – Eastern Regional Jail and Prime Care Medical staff pursuant to 42 U.S.C. § 1983 [Dkt. No. 1]. The Complaint raises claims of Eighth Amendment violations based on Defendants' deliberate indifference to Plaintiff's serious medical, vision, and dental needs; conspiracy; forgery of Plaintiff's name and health information on medical documents, and on the jail's kiosk grievance system; and "insurance

---

[1] At the time the Report and Recommendation was issued, on June 25, 2019 [Dkt. No. 60], *pro se* Plaintiff was incarcerated at the Northern Regional Jail in Moundsville, West Virginia.

fraud" related to the alleged forgery of Plaintiff's medical records and Medicaid billing records [Dkt. No. 1]. Plaintiff filed a motion to proceed *in forma pauperis* [Dkt. No. 2], which was granted by order entered on September 11, 2018 [Dkt. No. 26]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this *pro se* matter to United States Magistrate Judge Michael J. Aloi for initial review.

On August 21, 2018, Plaintiff filed a supplement to his Complaint, a motion for appointed counsel, and a motion seeking an extension of time by which to file his account Ledger Sheets [Dkt. Nos. 9, 10, 11]. By Order and Notice entered August 21, 2018, the Clerk of Court sent Plaintiff a Section 1983 packet [Dkt. No. 11-2]. Plaintiff was granted leave to file an amended complaint to name a person or persons amendable to suit under 42 U.S.C. § 1983, and the Clerk was directed to send Plaintiff a copy of the court-approved form to use [Dkt. No. 12]. Plaintiff's motion for an extension of time was denied as moot[2] [Dkt. No. 16]. *Pro se* Plaintiff's motion for appointment of counsel [Dkt. No. 10] was denied by separate order [Dkt. No. 17].

On September 4, 2018, *pro se* Plaintiff filed an Amended Complaint [Dkt. No. 18], together with a second motion for appointed counsel [Dkt. No. 19]. Plaintiff also filed a letter to the

---

[2] Plaintiff also requested a copy of a Section 1983 packet as part of his filing [Dkt. No. 11]. That request was also denied as moot by order entered September 4, 2018 [Dkt. No. 16].

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 60] AND GRANTING DEFENDANTS' MOTION TO DISMISS [DKT NO. 32]**

Clerk/District Judge [Dkt. No. 20]. Pursuant to Local Rule of Prisoner Litigation ("LR PL P") 12, on September 5, 2018, the Court directed the Defendants to answer the Amended Complaint [Dkt. No. 21]. Defendants filed a motion for extension of time to answer or respond to the Amended Complaint [Dkt. No. 30], which was granted on October 1, 2018 [Dkt. No. 31]. On October 8, 2018, Defendants filed a *Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment* [Dkt. No. 32] with a supporting memorandum [Dkt. No. 33]. Defendants attached copies of certain medical records for *pro se* Plaintiff to the memorandum [Dkt. No. 33].[3] Because Plaintiff is *pro se*, on October 9, 2018, a Roseboro Notice was issued [Dkt. No. 35].

Plaintiff filed a response in opposition to the motion to dismiss on October 29, 2018 [Dkt. No. 38]. An order was entered on October 30, 2018, directing the Clerk to correct the names of several Defendants on the docket [Dkt. No. 40]. A separate order entered on that same date noted the filing of *pro se* Plaintiff's unsigned Amended Complaint, and directed Plaintiff to refile a signed copy of the same [Dkt. No. 41]. On November 21, 2018, without leave of Court, Plaintiff filed another response in opposition to the Defendants' motion to dismiss, along with a signed copy of the

---

[3] The medical records were for a period from early December 4, 2010 through September 21, 2018 [Dkt. Nos. 33-1 through 33-16].

Amended Complaint [Dkt. Nos. 43, 45]. On January 16, 2019, *pro se* Plaintiff filed an addendum which was construed by the Court as a motion to file a surreply and was denied [Dkt. No. 53]. By separate order, Plaintiff's second motion for appointed counsel [Dkt. No. 19] was denied [Dkt. No. 58].

On June 25, 2019, Judge Aloi issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendants' *Motion to Dismiss and Alternative Motion for Summary Judgment* [Dkt. No. 32], and deny and dismiss with prejudice *pro se* Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(2)(B)(ii). The R&R also informed the parties that they had fourteen (14) days (and an additional three days for mailing) from the entry of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [Dkt. No. 60 at 26-27]. It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals" [Id. at 27]. To date, no party has filed objections.

When reviewing a magistrate judge's R&R, the Court must review *de novo* only the portions to which an objection has been timely made. See 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt,

without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a *de novo* review. Accordingly, the Court reviewed the R&R for clear error. The Court agrees with Defendants that the Amended Complaint failed to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Viewing the allegations in the light most favorable to *pro se* Plaintiff, the Amended Complaint does not contain enough facts to state a claim for relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Furthermore, and in the alternative, Defendants are entitled to judgment as a matter of law under Federal Rule of Civil Procedure 56(c) because, based on the record as a whole, Plaintiff failed to establish a genuine issue as to any material fact.[4]

---

[4] Where a party's motion relies on material outside the four corners of the Complaint to support its claims or defenses, the Court may treat a motion to dismiss as one for summary judgment under Rule 56. See Jeffers v. Wal-Mart Stores, Inc., 84 F.Supp.2d 775, 777 (S.D. W.Va. 2000).

To the extent Plaintiff's Amended Complaint alleges a claim for medical negligence, the claim is governed by the West Virginia Medical Professional Liability Act ("MPLA"), West Virginia Code § 55-7B-1, *et seq.* Plaintiff made no allegations to establish that he complied with the mandatory notice and screening certificate of merit requirements of the MPLA. Because compliance is necessary for a medical negligence claim to proceed, the Amended Complaint fails to state a viable claim. See Stanley v. United States, 321 F.Supp.2d 805, 807 (N.D. W.Va. 2004) (finding compliance with the pre-filing requirements of W.Va. Code § 55-7B-6 to be mandatory in a medical malpractice suit filed under the Federal Tort Claims Act); See also, Gaylor v. Dagher, (S.D. W.Va. 2011), 2011 U.S. Dist. LEXIS 12400 (unpublished opinion).

Likewise, *pro se* Plaintiff failed to meet the legal threshold for an Eighth Amendment claim of deliberate indifference to serious medical needs. Plaintiff was provided multiple opportunities for medical evaluation and treatment of what he feared was a cancerous tumor, but he repeatedly refused to cooperate and attend appointments [Dkt. No. 60 at 11-16]. Plaintiff also failed to offer factual support for his claim of deliberate indifference related to dental and vision care [Id. at 19-21]. He received dental care and treatment at ERJ, but was transferred to another facility before he could attend an appointment with an oral surgeon scheduled by medical

staff at ERJ [Id. at 19]. Plaintiff refused to attend three separate eye examination appointments necessary to evaluate and correct any vision problems [Id. at 21].

Plaintiff's disagreement with ERJ's medical staff as to the facility at which he would receive treatment for a potentially serious medical condition, or the referral to a preferred physician cannot support a claim for deliberate indifference. See Wilson v. Seiter, 501 U.S. 294, 297-99, 305 (1991) (holding that an inmate must show defendant subjectively responded with deliberate indifference to a serious medical need, and mere negligence is insufficient to state a federal constitutional claim); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (finding that a constitutional violation does not occur unless the medical provider's actions were so grossly incompetent, inadequate, or excess as to shock the conscience or to be intolerable to fundamental fairness); Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976) (noting that a mere disagreement between an inmate and prison official over the type or extent of the inmate's medical care does not state a cause of action under the Eighth Amendment).

With respect to *pro se* Plaintiff's remaining claims, nothing in the record supports his vague allegations that Defendants engaged in a conspiracy or committed forgery and/or insurance fraud. The Court is not required to accept conclusory statements as facts when ruling

on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Bell Atlantic Corp., 550 U.S. at 555. Plaintiff's allegations are insufficient to rise to the level of a plausible claim for relief, and dismissal is appropriate.

Upon careful review of the R&R, and finding no clear error, the Court:

(1) **ADOPTS** the R&R [Dkt. No. 60] for reasons more fully stated therein;

(2) **GRANTS** Defendants' Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment [Dkt. No. 32];

(3) **DENIES** and **DISMISSES WITH PREJUDICE** Plaintiff's signed Amended Complaint [Dkt. No. 45]; and

(4) **STRIKES** this action from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and to the *pro se* prisoner, via certified mail, return receipt requested.

**DATED**: September 4, 2019

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE